UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
ANNA VIRGONA,

                Plaintiff,

05 civ. 10856

    - against -

                                   **COMPLAINT AND**
TUFENKIAN IMPORT-EXPORT VENTURES,    **JURY DEMAND**
INC. and JAMES TUFENKIAN,

                Defendants.
------------------------------------X

    Plaintiff Anna Virgona, by her attorney, Robert J. Barsch, Esq., as and for her Amended Complaint against the defendants, respectfully sets forth as follows:

### INTRODUCTION

    1.  This is a civil action for declaratory relief, injunctive relief, back pay, compensatory and punitive damages and other relief to redress discrimination in the terms and conditions of employment arising out of defendants' discrimination against plaintiff on the basis of sex, and for unpaid wages.

### JURISDICTION AND VENUE

    2.  This action is brought pursuant to the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, et seq., and the Equal Pay Act, 29 U.S.C. Sections 201-219.  Plaintiff further invokes the pendent jurisdiction of this Court to hear and decide claims arising under New York State law.

3.   Venue is proper in the Southern District of New York because the acts and transactions complained of herein all occurred within the District.

**PARTIES**

4.   Plaintiff Anna Virgona (hereinafter "Virgona") is a female, who resides in the County of Queens, City and State of New York.

5.   Upon information and belief, defendant Tufenkian Import-Export Ventures, Inc. (hereinafter "Ventures") is a corporation, organized and existing under the laws of the State of New York, and duly authorized to do business in the State of New York, with offices located at 919 Third Avenue, City, County and State of New York.

6.   Upon information and belief, defendant James Tufenkian (hereinafter "Tufenkian") is a natural person, is the President, a director and a shareholder of defendant Ventures, and made or authorized all employment decisions complained of herein.

7.   At all times material hereto, defendant Ventures was engaged in an industry affecting commerce and had 15 or more employees for each working day in each of 20 or more calendar weeks in the then current or preceding calendar year.

## FACTUAL ALLEGATIONS

8.  In or about October, 1998, plaintiff Virgona became employed by defendant Ventures in the position of Staff Accountant.

9.  Through the performance of her job duties, plaintiff was aware of the payroll for each employee of defendant Ventures.

10. During the period of plaintiff's employment, plaintiff received good performance appraisals of her work.

11. On or about December 30, 2002, plaintiff was terminated from her position.

12. Prior to her termination, plaintiff was denied promotions, and an equal rate of pay for comparable work.

13. Plaintiff performed comparable work as Mohammed El Gayar, the Controller, but plaintiff was paid less money.

14. Upon information and belief, plaintiff was denied these promotions and an equal rate of pay because she is female.

15. Upon information and belief, plaintiff was paid lower wages than males performing comparable work.

16. Defendant Ventures has a practice of paying its female employees lower wages than male employees.

17. John DiPace, a male, who was hired after Nancy Facchino, a female, and performs comparable work, is paid more.

18. Defendant Ventures demoted two (2) males, Eric Jacobson an James Rogers without a pay cut, but demoted one (1) female,

3

Lelimai Makdissi, with a pay cut.

19. Defendant Ventures paid family health insurance coverage for all male management employees, and a female manager, Lelimai Makdissi, had to pay for her coverage.

20. Throughout the period of her employment with defendant Ventures, plaintiff performed her responsibilities in a satisfactory manner and, but for defendants' discrimination against plaintiff and unlawful termination of plaintiff, plaintiff would have enjoyed a long and successful career with the defendant Ventures.

21. Upon information and belief, plaintiff was replaced by a male employee, Dan Stoian, who was given a higher title, Assistant Controller, and a higher starting salary.

## AS AND FOR PLAINTIFF'S FIRST CAUSE OF ACTION

22. Plaintiff Virgona repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "21" of this complaint, with the same force and effect as if fully set forth herein.

23. Defendant Ventures failed to pay equal wages to plaintiff, because of her sex, in violation of the Equal Pay Act, 29 U.S.C. Sections 201-219.

24. As a result of defendant Ventures's violation of the Equal Pay Act, plaintiff has suffered damages consisting of loss of salary and other compensation, in an amount estimated to be at least Sixty Dollars ($60,000). Plaintiff is also entitled to recover attorney's fees, costs and expenses.

25. Defendant Venture's conduct complained of herein was willful, malicious, oppressive, wanton, and heedlessly in disregard of plaintiff's rights, and accordingly plaintiff is entitled to recover both punitive and statutory liquidated damages.

## AS AND FOR PLAINTIFF'S SECOND CAUSE OF ACTION

26. Plaintiff reiterates and realleges each and every allegation contained in paragraphs "1" through "25" of this Complaint, with the same force and effect as if fully set forth herein.

27. The New York State Executive Law Section 296 makes it unlawful to discriminate against an employee in the terms, conditions or privileges of employment on the basis of sex.

28. The Executive Law makes it unlawful for a person to violate any provision of the Executive Law or to aid, abet, incite, compel or coerce the doing of any of the forbidden acts, or to attempt to do so.

29. Throughout the course of plaintiff's employment with defendant Ventures, defendants Ventures and Tufenkian subjected plaintiff to discriminatory treatment because of her sex.

30. Defendants Ventures and Tufenkian wrongfully discriminated against plaintiff by terminating her from her position, and denying her promotion and raises, based on her sex in violation of the Executive Law.

31. Defendant Tufenkian is liable in an individual capacity under the Executive Law because he has an ownership interest in defendant Ventures, and because he participated in, aided, abetted, incited, compelled or coerced the doing of the acts of sex discrimination alleged herein.

32. As a direct and proximate cause of all acts of sex discrimination by defendants, plaintiff suffered damages, consisting of lost of salary and other compensation, and injuries from embarrassment, humiliation and anxiety, in an amount estimated to be at least Two Hundred Thousand Dollars ($200,000).

33. Defendants' actions were malicious, oppressive, wanton, and heedlessly in disregard of plaintiff's rights.

### AS AND FOR PLAINTIFF'S THIRD CAUSE OF ACTION

34. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "33" herein as if fully set forth hereat.

35. The New York City Administrative Code makes it unlawful to discriminate against an employee in the terms, conditions or privileges of employment on the basis of sex.

36. The Administrative Code makes it unlawful for a resident person to violate any provision of the Administrative Code or to aid, abet, incite, compel or coerce the doing of any of the forbidden acts, or to attempt to do so.

37. Defendant Tufenkian is liable in an individual capacity under the Administrative Code because he has an ownership interest in defendant Ventures, and because he participated in, aided, abetted, incited, compelled or coerced the doing of the acts of sex discrimination alleged herein.

38. As a direct and proximate cause of all acts of sex discrimination, plaintiff suffered damages consisting of loss of salary and other compensation, and injuries from embarrassment, humiliation and anxiety, in an amount estimated to be at least Two Hundred Thousand Dollars ($200,000). Plaintiff is also entitled to recover attorney's fees, costs and expenses.

## AS AND FOR PLAINTIFF'S FOURTH CAUSE OF ACTION

39. Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "38" herein as if fully set forth hereat.

40. Plaintiff is owed six days of wages and six-weeks severance pay in unpaid wages.

41. At the time of plaintiff's termination, defendant Ventures had a policy to pay six-weeks severance pay to its employees.

42. Plaintiff did not receive these wages upon her termination.

43. The total unpaid wages are as follows: $1,342 in unpaid salary, and $6,712 in unpaid severance.

44. Accordingly, defendant Ventures is liable to plaintiff in the amount of $8,054.

WHEREFORE, Plaintiff respectfully demands judgment against defendants as follows:

a. against defendant Ventures in an amount estimated to be determined at least Sixty Thousand Dollars ($60,000) on the First Cause of Action, awarding the plaintiff attorney's fees, costs and expenses;

b. against defendants Ventures and Tufenkian in an amount estimated to be at least Two Hundred Thousand Dollars ($200,000) on the Second Cause of Action, including a declaration that its actions and conduct engaged in to be in violation of Plaintiff's rights; enjoining defendant from engaging in such conduct; ordering the payment of salary and benefits from the period of plaintiff's termination of employment until the time of judgment

retirement; and awarding the plaintiff back salary and fringe benefits or front salary and benefits accrual; awarding the plaintiff the equitable relief of reinstatement to her position; awarding the plaintiff all damages to which she is entitled, including but not limited to compensatory damages, punitive damages and statutory liquidated damages; awarding the plaintiff attorney's fees, costs and expenses;

  c. against defendants Ventures and Tufenkian in an amount estimated to be at least Two Hundred Thousand Dollars ($200,000) on the Third Cause of Action, including a declaration that its actions and conduct engaged in to be in violation of Plaintiff's rights; enjoining defendant from engaging in such conduct; ordering the payment of salary and benefits from the period of plaintiff's termination of employment until the time of judgment retirement; and awarding the plaintiff back salary and fringe benefits or front salary and benefits accrual; awarding the plaintiff the equitable relief of reinstatement to her position; awarding the plaintiff all damages to which she is entitled, including but not limited to compensatory damages, punitive damages and statutory liquidated damages; awarding the plaintiff attorney's fees, costs and expenses;

  d. against defendant Ventures in an amount estimated to be at least Eight Thousand Fifty-Four and 00/100 Dollars ($8,054) on the Fourth Cause of Action; awarding the plaintiff attorney's

fees, costs and expenses; and

 e. granting plaintiff such other and further relief as the Court may deem just and proper.

Dated: New York, New York
    December 27, 2005

               Respectfully submitted,


               /s/ Robert J. Barsch
               ROBERT J. BARSCH, ESQ.
               RB 1612
               Attorney for plaintiff
               60 East 42nd Street
               Suite 2501
               New York, NY 10017
               (212) 986-2251


## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, plaintiff demands trial by jury on all issues herein.

Dated: December 27, 2005
    New York, New York

               Yours, etc.,


               /s/ Robert J. Barsch
               ROBERT J. BARSCH, ESQ.
               RB 1612
               Attorney for plaintiff
               60 East 42nd Street
               Suite 2501
               New York, NY 10017
               (212) 986-2251

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------X
ANNA VIRGONA,

                Plaintiff,         05 Civ. 10856

     - against -

                               **RULE 7.1**
TUFENKIAN IMPORT-EXPORT VENTURES,    **CERTIFICATION**
INC. and JAMES TUFENKIAN,

                Defendants.
---------------------------------------X

Pursuant to Fed.R.Civ.P. Rule 7.1, and to enable District Judges and Magistrate Judges of the Court to evaluate possible disqualification or recusal, the undersigned counsel for Plaintiff, a private non-governmental party, certifies that plaintiff has no corporate parents, affiliates and/or subsidiaries of plaintiff which are publicly held.

Dated:   December 27, 2005

                                                /s/ Robert J. Barsch
                                                ROBERT J. BARSCH, ESQ. RB 1612